# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUZANNE STRAGA BOLEYN, | Case No. 1:14-CV-3035-JPH |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Cory J. Brandt represents plaintiff (Boleyn). Special Assistant United States Attorney Leisa A. Wolf represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **grants** plaintiff's motion for summary judgment, **ECF No. 14**, and reverses and remands for further proceedings.

## JURISDICTION

Boleyn applied for disability insurance benefits (DIB) September 24, 2009

ORDER ~ 1

and social security income (SSI) benefits March 17, 2010, alleging disability beginning February 29, 2008 (Tr. 134-38, 139-45). The claims were denied initially and on reconsideration (Tr. 78-81, 84-88).

Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing August 7, 2012. Boleyn, represented by counsel, a vocational expert and plaintiff's daughter, Vaile Boleyn, testified (Tr. 37-73). The ALJ issued an unfavorable decision November 16, 2012 (Tr. 19-30). The Appeals Council denied review, making the ALJ's decision final (Tr. 1-6). Boleyn filed this appeal pursuant to 42 U.S.C. §§ 405(g) on March 27, 2014. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Boleyn graduated from high school and earned a bachelor's degree in criminal justice. She has worked as a sales person, car rental clerk and parts technician. Her last job, as a parts technician, lasted four years. She testified she was fired for calling in late and calling in sick too often. She has been unable to work since February 29, 2008, due to a combination of physical and mental impairments.

At the time of the hearing, Boleyn was 47 years old. She lived with her fifteen year old daughter. Boleyn testified she drives her daughter to and from school.

Occasionally she shops for groceries and gasoline. Since 2002 she experiences flare-ups of Crohn's disease about twelve days a month but does not take medication for it. She takes an antidepressant and, for daily headaches, a combination of prescribed drugs. She applied for benefits alleging an inability to work due to Crohn's disease, chronic paroxysmal hemicrania [causing headaches], fibromyalgia and chronic fatigue syndrome (CFS) (Tr. 22, 29, 42-43, 46, 48-50, 52, 54, 67-68, 158-59).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual  l functional capacity, age, education and past work experience. 20 C.F.R. §§

404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.2d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1988). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404. 1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing

factor. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

*v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Robinson found Boleyn insured through September 30, 2013. At step one, she found Boleyn did not work at SGA levels after onset (Tr. 19, 21). At steps two and three, she found Boleyn suffers from chronic headaches, Crohn's disease, fibromyalgia and chronic fatigue syndrome (CFS), impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 21, 23). The ALJ found Boleyn is able to perform a range of light work (Tr. 24-25). At step four, relying on

the VE, she found Boleyn is unable to perform past relevant work. At step five, again relying on the VE, she found Boleyn can perform other work as a cashier, retail price marker and office helper (Tr. 28-29, 69). Accordingly, the ALJ found Boleyn is not disabled as defined by the Act (Tr. 30).

## ISSUES

Boleyn alleges the ALJ erred when she assessed credibility and weighed medical and lay evidence. She alleges the Commissioner failed to meet her burden at step five. ECF No. 14 at 11-20. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 15 at 2.

After review the Court finds the ALJ erred. Because the errors are not harmless the case is reversed and remanded.

## DISCUSSION

*A. Medical evidence*

Boleyn alleges the ALJ improperly rejected the September 2010 opinion of examining Dr. Ho. The ALJ rejected Dr. Ho's assessed limitations because they were based on Boleyn's unreliable self-report and unsupported by substantial evidence. Boleyn alleges these reasons are not legitimate and lack supporting evidence. She allege Dr. Ho's assessed limitations are well supported by the record. ECF No. 14 at 11-14, referring to Tr. 27-28, 333-38.

The Commissioner responds that

"The ALJ concluded Dr. Ho relied heavily on Plaintiff's self-report of her symptoms (Tr. 28). For instance, the ALJ found that objective and physical examination findings were essentially normal and her self-reported symptoms were not fully credible, as discussed above (Tr. 27-28)." ECF No. 15 at 13.

There are several problems with the ALJ's reasoning. Objective and physical exam findings are not normal. The ALJ describes a July 2009 neuro-ophthalmologic exam as "normal" (Tr. 22, referring to examining doctor Eugene May, M.D.'s report at Ex. 17F). Dr. May opined Boleyn's headaches sound like "a variant of chronic paroxysmal hemicrania (CPH)." He prescribed a trial of indomethacin (Tr. 306).

In September 2010 examining doctor Marie Ho, M.D., noted Boleyn has the "standard 18 tender points of fibromyalgia," first, based on her review of the records of a Seattle gastroenterologist in November 2003 (Tr. 334), and again as part of her physical exam (Tr. 337). Dr. Ho reviewed medical records and repeated the diagnosis of chronic paroxysmal hemicrania (CPH), a rare disorder previously diagnosed by neuro-opthamologist Dr. May; fibromyalgia with associated disorders (including chronic fatigue syndrome and irritable bowel syndrome (IBS), and Crohn's disease. Dr. Ho notes Boleyn has a long history of Crohn's disease. Boleyn described experiencing severe symptoms about twice a year  (Tr. 337-38). Dr. Ho assessed an RFC limiting standing and walking to less than two hours at one time

1  without interruption, standing and walking a total of at least of two hours, but less
2  than eight hours, in an eight-hour workday. She limited sitting to six hours in an
3  eight-hour day, lifting and carrying to ten pounds both occasionally and frequently
4  due to fibromyalgia and CFS, and limited exposure to reflective light due to CPH.
5  She opined exacerbation of CPH, IBS and Crohn's disease would limit the ability to
6  function at times (Tr. 338).

7  Boleyn is correct. Dr. Ho's opinion does *not* appear to be based on unreliable
8  self-report. Dr. Ho reviewed medical records and performed an examination. The
9  exam and record review both confirmed the fibromyalgia diagnosis. The record
10 review showed neuro-opthamologist Dr. May diagnosed, or at least opined it is
11 likely, Boleyn suffers from a variant of CPH, in July 2009 (Tr. 333-34, 337).  The
12 ALJ's reasons are not supported by substantial evidence.  Dr. Ho's opinion is based
13 on more than Boleyn's complaints and is supported by objective evidence.

14 Significantly, the ALJ does not even address the February 17, 2012 MRI
15 results. The results show a branch of the superior cerebellar artery is within the
16 axilla of the right trigeminal nerve root entry zone, as described by Adam Hebb,
17 M.D. (Tr. 459). Dr. Hebb agreed with treating doctor Natalia Murinova, M.D., that
18 the appropriate diagnosis for this is atypical trigeminal neuralgia. [According to the
19 American Association of Neurological Surgeons, this condition sometimes affects
20 the area around the nose and above the eye, usually on one side of the face.

Although it cannot be cured, anticonvulsive medications are normally tried first. Dr. Murinover prescribed the anticonvulsant tegretol for Boleyn. Tr. 462] Dr. Hebb described several surgical options, each with serious risks such as stroke (Tr. 459-60). Dr. Hebb saw Boleyn again in July 2012, recapped the surgical risks and recommended against surgery (Tr. 457).

The opinions of treating and examining doctors are entitled to greater weight than reviewing doctors. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ erred by giving greater weight to agency reviewing doctors than to examining doctors Ho and May and treating doctors Murinova and Hebb (Tr. 28, 364-71, 451). Because the ALJ committed harmful error when weighing the medical evidence, remand is required.

*B. Credibility*

Boleyn alleges the ALJ's credibility assessment is not properly supported. ECF No. 14 at 15-19. The Commissioner answers that the ALJ's reasons are legally sufficient and supported by the evidence. ECF No. 15 at 5.

Boleyn is correct. The ALJ erred when assessing Boleyn's credibility.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th

Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided that it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (en banc). Lack of prescription medication is properly considered when weighing credibility. *See e.g., Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 CFR §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The amount of treatment is an important indicator of the intensity and persistence of a claimant's symptoms. See 20 CFR 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d at 603. Conservative treatment for an impairment provides reason to disregard an opinion claimant is disabled as a result of the impairment. *Johnson v. Shahala*, 60 F.3d at 1428, 1434 (9th Cir. 1995). It is well established that the nature of daily activities may be considered when evaluating credibility. *Fair*, 885 F.2d at 603.

The Court applies the harmless error rule when reviewing the ALJ's credibility findings. *See Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir. 2004). An error is harmless when the correction of that error would not alter the result. *Johnson v. Shahala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995).

The ALJ relied on (1) complaints inconsistent with objective and physical exam findings; (2) unexplained lack of or sporadic treatment, including for daily eye pain and headaches; (3) inconsistent statements and (4) daily activities inconsistent with disability (Tr. 26-27).

Boleyn alleges conditions such as fibromyalgia and CFS are assessed primarily based on a claimant's symptoms. As such, the ALJ erred by relying on the lack of objective findings for conditions that, by their very nature, elude such findings. ECF No. 14 at 14; *see Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004) (internal citation omitted). She is correct. In addition, the ALJ appeared to ignore objective findings such as the July 2012 MRI. *See* Tr. 459, 465.

With respect to unexplained or inadequately explained lack of treatment (2), Boleyn alleges she only sporadically sought treatment because she "was forced to change medical providers in 2011," symptoms worsened without the constant care provided by previous medical professionals and she "may also have been simply worn out from trying so many medical treatments." ECF No. 14 at 17, Tr. 174.

The record shows Boleyn sought chiropractic treatment and treatment with

vision specialists. She sought treatment in hospital emergency rooms, with general practitioners and with several different medical specialists (Tr. 212-17, 220-21, 223, 228, 230-32, 235-36, 239, 242, 244-46, 248-49, 304-06, 333-37, 404-08, 410-13, 417-18, 422, 432, 449, 457-63, 467-69, 478). This enhances credibility. However, the record also shows gaps in treatment. On remand the ALJ may further consider this factor.

Boleyn gave various reasons she stopped working. The report accompanying the disability application indicates she stopped working because "of my conditions and other reasons." (Tr. 159). She testified the last employer "just made it so hostile for me to work there that I could not go back." She was "continuously reprimanded for calling late and/or then calling in sick, or calling in sick too much." The employer "didn't offer me medical leave or anything" and it was "making my conditions worse" (Tr. 48). At other times Boleyn stated she lost her job due to Crohn's disease or quit because of "unprofessionalism" in the office  (Tr. 334, 340).

This reason alone would not, in the court's view, constitute a clear and convincing reason since there may have been several reasons Boleyn stopped working for her last employer.

With respect to daily activities,  Boleyn alleges the ALJ failed to identify activities inconsistent with her allegations. The activities cited by the ALJ include driving, shopping, personal care, light cooking and housework, laundry and driving

ORDER  ~ 14

her daughter to and from school. Boleyn alleges these activities are consistent with allegations of severe headaches, light sensitivity and Crohn's disease. Citing *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001)(citations omitted), she alleges one does not need to be utterly incapacitated in order to be disabled . ECF No. 14 at 17-19.

She is correct.

If a claimant "is able to spend a *substantial part* of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001), citing *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)(emphasis *Vertigan's)*.

Here the ALJ erred when she relied on limited daily activities to find pain complaints less than credible. The reason was not supported by substantial evidence. Boleyn's limited physical activities do not appear to consume a substantial part of her day. They appear consistent with alleged pain and limitations. The ALJ should reconsider this factor on remand.

*D. Remand for further proceedings or order of benefits*

Boleyn alleges because the ALJ failed to give adequate reasons for rejecting the opinion of examining doctor Ho, that opinion is credited as a matter of law and

ORDER  ~ 15

she should be found disabled. ECF No. 14 at 12, citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)(internal citation omitted).

The court disagrees. Dr. Ho rendered her opinion in 2010. A more recent diagnosis in 2012 from a University of Washington neurologist appears more relevant. The Court finds it is inappropriate to credit Dr. Ho's earlier opinion as a matter of law. With respect to the opinions related to the 2012 MRI, the record is unclear whether the diagnosis results in conditions that cause severe limitations. Accordingly, the appropriate remedy is a remand for further administrative proceedings with the assistance of a medical expert to help the ALJ make this determination.

*E. Lay testimony*

Boleyn alleges the ALJ erred when she rejected the lay testimony of her daughter (at Tr. 60-64) because it is "not consistent with the objective evidence or physical exam findings, which have been mostly normal." ECF No. 14 at 14-15, referring to Tr. 27.

As indicated, the ALJ erred by characterizing the objective evidence and findings as mostly normal. Ms. Boleyn, plaintiff's teenage daughter, testified her mother always has a really bad headache. She is extremely sensitive to sunlight and wind. Over the past four years the pain has increased, to the point that all her mother can do is sit in a dark room because the pain is "just too much." Her mother does not

cook much anymore. She can sometimes help with the dishes. "The doctor [not named] said even brain surgery probably will not help" (Tr. 61-63).

When an ALJ discounts the testimony of lay witnesses, "he [or she] must give reasons that are germane to each witness*." Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009), citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Lay testimony may be rejected if it conflicts with medical evidence. *Lewis v. Apfel*, 236 F. 3d 503, 511-12 (9th Cir. 2001).

The ALJ rejected this testimony as inconsistent with the objective evidence and physical exam findings, which are "mostly normal." In addition, the ALJ notes, the record shows that the claimant is "fairly independent in personal care, drives and shops in stores." (Tr. 27).

This is error. The ALJ's reference to "mostly normal" findings ignores the fibromyalgia exam findings and the 2012 MRI findings that support the diagnosis of atypical trigeminal neuralgia. Boleyn's limited activities also appear consistent with diagnosed conditions and the lay testimony. On remand, lay testimony should be reconsidered.

*F. Step five burden*

Boleyn alleges the Commissioner failed to meet her burden at step five. She alleges the need to avoid bright and reflected light, to miss days due to illness and to be off-task more than 20% of the time should have been included in the hypothetical

asked of the VE. Without these limitations, Boleyn alleges, the VE's testimony has no evidentiary value. When any of these additional limitations are included, the VE testified there would be no available competitive employment. ECF No. 14 at 19-20.

A medical expert should be consulted on remand to help the ALJ determine if the cited limitations are appropriate. A VE should also be consulted if appropriate.

*G. DAA*

Finally, there is evidence in the record of DAA. *See e.g.* Tr. 245 (drinks 3-4 beers a day and smoked marijuana in the last three days); Tr. 246 (prior history of polysubstance abuse; occasional unscheduled testing for substance abuse recommended); Tr. 305 (drinks moderately); Tr. 335 (drinks 3-8 beers a week); Tr. 340 (drank 9/19/10 and has never used street drugs); Tr. 428 (when it is recommended she stop drinking the patient says will try her best but it may be difficult); Tr. 471, 473-74 (says drank beer all day daily, stopped drinking and seeks medical treatment for withdrawal symptoms). Accordingly, if Boleyn is found disabled after further proceedings, the ALJ should proceed to consider whether DAA is a factor material to the disability finding.

## CONCLUSION

After review the Court finds the ALJ's decision is not supported by substantial

evidence and contains harmful error.

**IT IS ORDERED:**

Plaintiff's motion for summary judgment, **ECF No. 14**, is **granted. The case is reversed and remanded for further administrative proceedings.**

Defendant's motion for summary judgment, ECF No. 15, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff and **CLOSE** the file.

DATED this 22nd day of September, 2014.

<u>S/ James P. Hutton</u>

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE